IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WALTER DIAMOND | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 07-1258 |
| | : | |
| CITY OF PHILADELPHIA et al | : | |

Diamond, J.                                                                                          November 26, 2007

**M E M O R A N D U M**

Plaintiff Walter Diamond alleges that Defendants City of Philadelphia and Police Sergeant Thomas Rehiel violated Plaintiff's Fourth and Fourteenth Amendment rights. Defendants have filed a Motion for Summary Judgment. I grant Defendants' Motion in part, and deny in part.

**I.      LEGAL STANDARDS**

Upon motion of any party, summary judgment is appropriate

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Summary judgment may be granted only if the movant shows that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it could affect the result of the suit under governing law. Id.

In deciding whether to grant summary judgment, the district court "must view the facts in

the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005). If, after viewing all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

## II.     BACKGROUND

In describing the background of this case, I have set out those record facts that are undisputed, and construed them in the light most favorable to Plaintiff. I have construed all other facts in the light most favorable to Plaintiff. I have disregarded those factual allegations that Plaintiff makes without any evidentiary support. See Celotex, 477 U.S. at 322-23.

### A.     The Police Search

On February 16, 2007, at approximately 6:00 a.m., Sergeant Rehiel and five other members of the Philadelphia Police Department's Major Crimes Violence Squad arrived at Plaintiff's home to serve an arrest warrant for Plaintiff's son, who was wanted for aggravated assault and related crimes. (Diamond Dep. at 7-8.) The Officers banged on the door, and Plaintiff's wife, Denise Diamond, answered. (Id. at 8.) Hearing noise downstairs, Plaintiff came down from his bedroom. (Id. at 8-9.) Plaintiff told the Officers that his son was not there, but told the Officers they could search the house. (Id. at 11.)

While the other Officers conducted the search, Sergeant Rehiel was in the living room with Plaintiff and his wife. (Rehiel Dep. at 57.) Plaintiff noticed that the Officers had left several dents in the front door, and told Sergeant Rehiel that they were crazy for banging on the

door hard enough to dent it. (Id. at 11-12, 54.) Plaintiff testified that Sergeant Rehiel then came across the room and struck Plaintiff in the chest with both fists, knocking him backward and onto the couch. (Id. at 12, 21.) Plaintiff's head and back hit the couch, jerking his head forward; Plaintiff immediately noticed pain in the back of his neck. (Id. at 21-23.)

### B. Plaintiff's Medical History and Treatment

Plaintiff has a history of neck pain, which began in the 1990s. (Diamond Dep. at 29.) On July 6, 2006, he underwent neck surgery, which significantly improved the condition. (Doc. No. 12 Ex. 7.) On September 26, 2006, he was cleared to resume all activities without restriction. (Id.)

After the incident of February 16, 2007, Plaintiff developed persistent neck pain, headaches, and shoulder pain. (Doc. No. 12 Ex. 7.) His physician, Dr. Eric Williams, believes that the altercation with Sergeant Rehiel caused this pain by exacerbating Plaintiff's pre-existing condition. (Id.) That exacerbated condition has continued. (Id.) Dr. Mullen, Plaintiff's chiropractor, believes that the altercation with Sergeant Rehiel caused Plaintiff to sustain fractures in his vertebrae and damage to tissue cells in his neck. (Doc. No. 12 Ex. 8.)

### C. Sergeant Rehiel's Employment History

Thomas Rehiel has been a member of the Philadelphia Police Department since 1988. (Rehiel Dep. at 7-8; Doc. No. 12 Ex. 12.) He was promoted to Sergeant on November 12, 1996. (Id.) Sergeant Rehiel's employment record is generally good, with the significant exception of a suspension in 2000. (Doc. No. 12 Ex. 11, Ex. 12.) The suspension was the result of an investigation by the Department's Internal Affairs Division into the assault of James Morrone, Jr. on September 5, 1996. (Doc. No. 12 Ex. 9, Ex. 11.) Sergeant Rehiel was initially questioned in

1997, and made statements that were inconsistent with those made by other Officers interviewed. (Doc. No. 12 Ex. 9.)  When investigators confronted Sergeant Rehiel with the inconsistencies, he changed his original statement.  (Id.)  The Department suspended him for ten days without pay for making false statements during the initial interview. (Doc. No. 12 Ex. 9, Ex. 11.)   The Department also cited Sergeant Rehiel for Conduct Unbecoming an Officer and violating the Disciplinary Code for his failure to cooperate fully in the Department's investigation of the Morrone assault.  (Id.)

Sergeant Rehiel was never charged criminally in connection with the assault.  (Id.)  In 2000, Officer Stephen Roffo pled guilty to assault charges brought in state court. (Doc. No. 12 Ex. 9.)

### III.     DISCUSSION

#### A.     Sergeant Rehiel

##### 1. Constitutional Violation

Plaintiff asserts that Sergeant Rehiel violated his Fourth and Fourteenth Amendment rights by using excessive force against him.

I am obligated to analyze Plaintiff's § 1983 claim of excessive force under the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 397 (1989) (Fourteenth Amendment due process and equal protection clauses inapplicable to excessive force claims); Mellot v. Heemer, 161 F.3d 117, 121 (3d Cir. 1998) (same).  To prevail under the Fourth Amendment, Plaintiff must show that the Sergeant's actions were not objectively reasonable in light of the facts and circumstances.  Graham, 490 U.S. at 397; Kopec v. Tate, 361 F.3d 772 (3d Cir. 2004).  In determining reasonableness, I must consider:

>the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, [] whether he is actively resisting arrest or attempting to evade arrest by flight . . . the fact that the physical force applied was of such an extent as to lead to injury . . . the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

Sharrar v. Felsing, 128 F.3d 810, 821-22 (3d Cir. 1997).

Because the determination of reasonableness turns largely on context, it should usually remain a question for the jury. Abraham v. Rasso, 183 F.3d 279, 290 (3d Cir. 1999)  The granting of summary judgment is appropriate only if, after resolving all factual disputes in favor of the plaintiff, the court determines that the use of force is objectively reasonable. Id.

The instant case is rife with genuine disputes of material fact. Each side paints a starkly different picture of what transpired on February 16, 2007. Plaintiff testified that he cooperated with the Officers, and that Sergeant Rehiel attacked him simply because Plaintiff complained about the damage to his door. (Diamond Dep. at 11, 21.) Plaintiff's medical evidence shows that the attack caused Plaintiff to suffer serious injury to his back and neck. (Doc. No. 12 Ex. 7, 8.) Yet, Sergeant Rehiel testified he never touched Plaintiff, that Plaintiff was uncooperative, and that Plaintiff approached him in a confrontational manner and told him to get out of the house. (Rehiel Dep. at 66-70.)

At summary judgment, I am obligated to accept as true Plaintiff's version of events. According to that version, Sergeant Rehiel struck Plaintiff – a lawful occupant of the house – and seriously injured him with no justification. Although Plaintiff was angry about the damage to the door, there was no reason for Sergeant Rehiel to believe that he posed any danger to the police, particularly because there were six Officers in the house with Plaintiff and his wife.

Plaintiff's version of events precludes the granting of summary judgment in Sergeant Rehiel's favor. See Baker v. Monroe Twp., F.3d 1186 (3d Cir. 1995) (force was excessive where police handcuffed and pointed guns at family members of suspect during a drug raid); Couden v. Duffy, 446 F.3d 483, 497 (2006) (force was excessive because it was unnecessary for officers to tackle and spray mace at plaintiff who was cooperating and unarmed). A reasonable jury could conclude that Plaintiff posed no threat to Sergeant Rehiel, who used excessive force under the circumstances.

### 2. Qualified Immunity

Sergeant Rehiel contends that even if he violated Plaintiff's rights, he is protected by qualified immunity. I disagree.

Courts employ a two-part test for determining whether a government official is entitled to qualified immunity: (1) whether, viewing the facts in the light most favorable to the plaintiff, there was a constitutional violation; and (2) whether the constitutional right violated was clearly established, or "in other words, 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Saucier v. Katz, 533 U.S. 194, 202 (2001); see also Curley v. Klem, 499 F.3d 199, 206-7 (3d Cir. 2007). If the official violated a clearly established right, he is not entitled to qualified immunity. Id.

Having found that the facts alleged by Plaintiff establish a constitutional violation, I must next determine whether the right was clearly established. The Third Circuit has articulated a "broad view of what constitutes an established right of which a reasonable person would have known." Kopec v. Tate, 361 F.3d 772, 778 (3d Cir. 2004) (quoting Burns v. County of Cambria, 971 F.2d 1015, 1024 (3d Cir. 1992)). Accordingly, there need not be a previous case with

6

precise factual similarity to the case at bar for a right to be clearly established.  Id.  Rather, general statements of law can provide fair warning to officials that their conduct is unlawful. Bennett v. Murphy, 120 Fed. Appx. 914, 918 (3d Cir. 2005) (citing U.S. v. Lanier, 520 U.S. 259, 271 (1997)).

If Plaintiff's version of events is true – something the jury must decide – then Sergeant Rehiel assaulted Plaintiff.  It is undisputed that Plaintiff was not a suspect.  According to Plaintiff, he posed no danger to any of the Officers in his home.  In these circumstances, a reasonable officer would certainly know that striking and injuring Plaintiff would be unlawful.

The Third Circuit has deemed the use of force excessive under circumstances similar to those in the instant action.  Baker, F.3d 1186.  In Baker, the family members of a suspect visited the suspect's apartment as police were beginning a drug raid.  Id. at 1188-89.  The police ordered the suspect's family to the ground, pointed guns at them, and handcuffed them.  Id.  The Third Circuit found that these actions constituted excessive force because there was no reason to believe that the family posed any threat.  Id. at 1193.  This holding provided notice that police may not lawfully use excessive force against the family members of one suspected of a serious crime simply because they happen to be present when a warrant is executed.  Even without Baker, however, Sergeant Rehiel was certainly "on notice" that Plaintiff had a clearly established right to be free from an unjustified physical assault.  See Couden, 446 F.3d at 497 (qualified immunity defense rejected because the criteria for determining when force is excessive are well-known, and clearly weighed against the level of force used).

In sum, Plaintiff has offered evidence which, if believed, would establish that Sergeant Rehiel violated Plaintiff's clearly established rights.  Accordingly, the Sergeant is not entitled to

qualified immunity.

### B. City of Philadelphia

Plaintiff asserts that the City is liable here because it failed to train, discipline, or supervise Sergeant Rehiel respecting the Morrone assault and the ensuing investigation.

The doctrine of *respondeat superior* does not apply to a municipality in a § 1983 action. Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Rather, a plaintiff must show that the alleged constitutional violation resulted from a "custom" or "policy" of deliberate indifference to the rights of citizens. Id. at 694-95. The plaintiff must also demonstrate that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Finally, a plaintiff bears the burden of showing that the custom or policy caused the injuries suffered. Id.

The failure adequately to train, discipline, or control police officers can form the basis for municipal liability where it amounts to "deliberate indifference to the rights of persons with whom the police come into contact." Montgomery v. De Simone, 159 F.3d 120, 126-27 (3d Cir. 1998). To establish municipal liability on these grounds, a plaintiff must demonstrate:

> contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate.

Id. at 127.

Plaintiff has failed to present evidence sufficient to make out the case for liability based on a failure to train, discipline, or control. Plaintiff contends that Sergeant Rehiel participated in

the assault of Mr. Morrone and lied to investigators to conceal his culpability.  Plaintiff further contends that the City acquiesced in this conduct by failing to discipline the Sergeant – instead, promoting him to a higher rank after it was "on notice" that he had lied to investigators.  Unfortunately for Plaintiff, the undisputed evidence does not support these contentions.  There is no evidence that Sergeant Rehiel participated in the assault of Mr. Morrone, let alone that the City was aware of his participation.  Moreover, the interview in which Sergeant Rehiel lied to investigators was conducted *after* his promotion to Sergeant.  Accordingly, the City promoted Sergeant Rehiel *before* it had learned of his false statements to investigators.  Finally, the City punished Sergeant Rehiel for his misconduct.  In these circumstances, Plaintiff cannot make out the City's acquiescence in Sergeant Rehiel's wrongful actions.  On the contrary, the undisputed facts show the opposite.  Because no reasonable jury could conclude otherwise, I grant the City's Summary Judgment Motion.

## IV.    CONCLUSION

For the foregoing reasons, I will grant Defendant's Motion in part and deny in part.  An appropriate Order follows.

BY THE COURT.

/s Paul S. Diamond
_____
Paul S. Diamond, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER DIAMOND** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-1258 |
| | : | |
| **CITY OF PHILADELPHIA et al** | : | |

**O R D E R**

AND NOW, this 26th day of November, 2007, it is ORDERED that Defendant's Motion for Summary Judgment is **GRANTED in part and DENIED in part** as follows:

1. Summary judgment is **GRANTED** as to Plaintiff's claim against Defendant City of Philadelphia. Judgment is entered in favor of the City of Philadelphia and against Plaintiff.

2. Summary judgment is **DENIED** as to Plaintiff's claim against Defendant Sergeant Thomas Rehiel.

IT IS SO ORDERED.

*/s Paul S. Diamond*
_____
Paul S. Diamond, J.